

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| VS. § | **CASE NO. 1:10-CR-27** |
| § | |
| **NELSON JAMES BROWN** § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Nelson James Brown, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #51) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on April 29, 2020, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present by video and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On May 22, 2011, The Honorable Ron Clark sentenced Mr. Brown after he pled guilty to Possession with Intent to Distribute 5 Grams or More of Cocaine Base, a Class B felony. Judge Clark sentenced Mr. Brown to 100 months imprisonment followed by a 5 year term of supervised release; subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment, lifetime restriction on federal benefits, and a $100 special assessment.

On January 6, 2017, Nelson James Brown completed his period of imprisonment and began service of the supervision term. On November 1, 2018, the case was reassigned to Senior United States District Judge Thad Heartfield.

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated a standard condition of release in the following manner:

*The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.*

According to the United States Probation Office in the Southern District of Texas, Mr. Brown has alleged employment with Zanta Apparel, based in Fort Worth, Texas, and The Art of Trucking, LLC, based in Dallas, Texas, however the legitimacy of the positions is still in question because the supervising probation officer was unable to verify either job.

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, the Government would offer testimony establishing that the United States Probation Office attempted to verify Mr. Brown's employment but was unable to verify that Mr. Brown was in fact working at the specific jobs stated in the Petition.

Defendant, Nelson James Brown, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he failed to maintain regular employment in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by failing to work regularly at a lawful occupation. This conduct constitutes a Grade C violation under

3

U.S.S.G.§ 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of VI and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). The maximum term of imprisonment in this case is three (3) years because the original conviction was a Class B felony. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant, Nelson James Brown, committed a Grade C violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

4

evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release.   The undersigned magistrate judge recommends that the District Court order Defendant, Nelson James Brown, to serve a term of **fourteen (14) months imprisonment**, with no further term of supervision to follow.   The Court also recommends placement in the Federal Correctional Institution (FCI) in Seagoville, Texas, for the prison term as requested by Defendant.

## **OBJECTIONS**

Objections must be:   (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report.   See 28 U.S.C. § 636(b)(1).   A party's failure to object bars that party from:   (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court.   See *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation.   See *Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of May, 2020.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE